Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave, Suite 2000
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Elaine T. Byszewski (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, CA 91101
(213) 330-7150
elaine@hbsslaw.com

*Attorneys for Plaintiff Allen Lee and the Proposed Class*

Randall B. Aiman-Smith (SBN 124599)
Hallie Von Rock (SBN 233152)
AIMAN-SMITH & MARCY
7677 Oakport St. Suite 1150
Oakland, CA 94621
(510) 817-2711
ras@asmlawyers.com

*Attorneys for Plaintiff Mahmoud Ameri and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLEN LEE, on behalf of himself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>TICKETMASTER L.L.C., a Virginia corporation, LIVE NATION ENTERTAINMENT, INC., a Delaware corporation,<br><br>                                    Defendants. | Case Nos. 18-cv-5987-VC & 18-cv-6750-VC<br><br><u>CLASS ACTION</u><br><br>**STATEMENT OF RECENT DECISION PER LOCAL RULE 7-3(D)(2)**<br><br>Hearing Date: March 7, 2019<br>Time: 10:00 am<br>Place: Courtroom 4<br>Judge: Hon. Vince Chhabria |
| MAHMOUD AMERI, on behalf of himself and all others similarly situated, | |

|  |  |
|---|---|
| | Plaintiff, |
| v. | |
| TICKETMASTER LLC, and DOES 1-10, inclusive, | |
| | Defendants. |

Following the filing of plaintiffs' opposition to defendants' motion to compel arbitration on December 21, 2018, the Supreme Court issued *Henry Schein, Inc. v. Archer & White Sales, Inc.* on January 8, 2019.[1] In *Schein*, the Supreme Court settled a split among the Courts of Appeals as to whether there is a "wholly groundless" exception when the parties have agreed that arbitrability—the determination of whether their arbitration agreement applies to the particular dispute—should be delegated to the arbitrator.[2] The Supreme Court held that such an exception is inconsistent with the FAA.[3] So the parties' argument based on this exception is no longer pertinent.[4] But, as stated in opposition, where there is no agreement to arbitrate in the first place, it is not necessary to reach whether the terms validly delegate any question of arbitrability to an arbitrator.[5] Moreover, the arbitration provisions do not clearly and unmistakably delegate arbitrability to the arbitrator, and the delegation clause in the Ticketmaster arbitration provision is also unconscionable and therefore unenforceable.[6]

DATED: January 10, 2019

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   */s/ Steve W. Berman*
Steve W. Berman (admitted *pro hac vice*)
1301 Second Ave, Suite 2000
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Elaine T. Byszewski (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA  91101
(213) 330-7150
elaine@hbsslaw.com

*Attorneys for Plaintiff Allen Lee and the Proposed Class*

---

[1] No. 17-1272, __ S. Ct. __, 2019 WL 122164 (Jan. 8, 2019), attached as Exhibit A.
[2] *Id.* at *2.
[3] *Id.*
[4] Plaintiffs' Joint Opposition to Defendants' Motion to Compel Arbitration, ECF 29, at 2; Motion, ECF No. 25, at 13, 15.
[5] Opposition at 2-8.
[6] *Id.* at 13-15.

| | |
|---|---|
| DATED: January 10, 2019 | AIMAN-SMITH & MARCY<br><br>By: */s/ Randall B. Aiman-Smith*<br>Randall B. Aiman-Smith (SBN 124599)<br>Reed W.L. Marcy (SBN 191531)<br>Hallie Von Rock (SBN 233152)<br>Carey A. James (SBN 269270)<br>Brent A. Robinson (SBN 289373)<br>7677 Oakport St. Suite 1150<br>Oakland, CA 94621<br>(510) 817-2711<br>ras@asmlawyers.com<br>rwlm@asmlawyers.com<br>hvr@asmlawyers.com<br>caj@asmlawyers.com<br>bar@asmlawyers.com<br><br>*Attorneys for Plaintiff Mahmoud Ameri and the Proposed Class* |