Steve W. Berman (admitted *pro hac vice*)
Shayne C. Stevenson (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave, Suite 2000
Seattle, WA 98101
(206) 623-7292
*steve@hbsslaw.com*
*shaynes@hbsslaw.com*

Elaine T. Byszewski (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, CA 91101
(213) 330-7150
*elaine@hbsslaw.com*

*Attorneys for Plaintiff Allen Lee and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLEN LEE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TICKETMASTER L.L.C., a Virginia corporation, LIVE NATION ENTERTAINMENT, INC., a Delaware corporation,<br><br>Defendants. | Case Nos. 18-cv-5987-VC<br><br>CLASS ACTION<br><br>**RESPONSE TO DEFENDANTS' STATEMENT OF RECENT DECISION**<br><br>Place: Courtroom 4<br><br>Judge: Hon. Vince Chhabria |

On March 13, 2019, defendants filed a "Statement of Recent Decision," Dkt. 41, with a copy of the recent decision in *Dickey v. Ticketmaster LLC, et al.*, 18-cv-9052, Dkt. 33 (C.D. Cal. Mar. 12, 2019) (Wu, J.), granting defendants' motion to compel arbitration.

In their "Statement," the defendants characterize the plaintiff's claims in *Dickey* as "substantially similar to those" in the case at bar.[1] That is incorrect.

The claims of legacy customers like Mr. Allen Lee—who formed a contract with Ticketmaster in 2002, nine years prior to the first whiff of an arbitration clause—are not "substantially similar" to those in *Dickey*. The court in *Dickey* did not address whether those with long-standing Ticketmaster (or TicketExchange) accounts were ever notified of *new* arbitration contract terms imposed in 2011, as required in the Ninth Circuit.[2] Mr. Lee was given no notice.

Yes, Mr. Lee's claim is very different. It turns on notice under contract law. And contract law tells us that the defendants are the least cost avoider, the superior risk bearer, and the repeat player with the "onus" to actually notify legacy consumers like Mr. Lee.[3] Many companies provide notice of new terms; defendants made a business decision not to. So Mr. Lee gets his day in Court.

DATED: March 14, 2019	HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
Steve W. Berman (admitted *pro hac vice*)
Shayne C. Stevenson (admitted *pro hac vice*)
1301 Second Ave, Suite 2000
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com
shaynes@hbsslaw.com

Elaine T. Byszewski (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101

---

[1] Defendants' Statement of Recent Decision, Dkt. 41, at 2.

[2] *See, e.g., Rodman v. Safeway*, 694 F. App'x 612, 613 (9th Cir. 2017) (online merchant cannot "unilaterally amend the Special Terms without notice"); *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1175-79 (9th Cir. 2014).

[3] *Nguyen*, 763 F.3d at 1179.

(213) 330-7150
*elaine@hbsslaw.com*

*Attorneys for Plaintiff Allen Lee and the Proposed Class*