UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN LEE,<br><br>        Plaintiff,<br><br>        v.<br><br>TICKETMASTER L.L.C., et al.,<br><br>        Defendants. | Case No. 18-cv-05987-VC<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>Re: Dkt. No. 25 |

    Ticketmaster and Live Nation's motion to compel arbitration is granted.

    1. Ticketmaster has presented evidence that it maintains a terms of use policy on its website and that the policy requires users to arbitrate "[a]ny dispute or claim relating in any way . . . to products or services sold or distributed by us or through us." *See, e.g.*, Dkt. No. 26-18 at 6. Ticketmaster has also presented evidence that Lee was required to assent to the terms whenever he placed orders for tickets. Lee was not required to check a separate box to indicate his assent. However, Ticketmaster provided notice of the terms of use adjacent to the "Place Order" button, included a hyperlink to the terms in a contrasting color, and informed the user that "continuing past this page" (i.e., placing an order) would indicate assent to the terms. *Cf. Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-7013, 2017 WL 3492110, at *9–10 (N.D. Cal. Aug. 15, 2017) (enforcing arbitration clause in Ticketmaster's terms of use); *Dickey v. Ticketmaster LLC*, No. 18-CV-9052 (C.D. Cal. March 12, 2019), Dkt. No. 33 (same).

    Lee argues that he could not have assented to arbitration, because when he first began using the website, the Ticketmaster terms did not include an arbitration clause, and Ticketmaster did not notify users when the terms were amended. The cases that Lee relies on, however, are

distinguishable because they involved instances in which a website user assented, on a single occasion, to contractual terms that were later amended. *See Rodman v. Safeway, Inc.*, No. 11-cv-3003, 2015 WL 604985, at *9 (N.D. Cal. Feb. 12, 2015), *aff'd* 694 F. App'x 612 (9th Cir. 2017); *Daniel v. eBay, Inc.*, 319 F. Supp. 3d 505, 511–12 (D.D.C. 2018). Because "consumers cannot assent to terms that do not yet exist," the prior assent could not establish an agreement as to the amended terms. *Rodman*, 2015 WL 604985, at *10. There is no similar issue here, because Lee assented to terms that included an arbitration clause when purchasing tickets.[1]

    2. The parties "clearly and unmistakably" delegated authority to determine threshold questions to the arbitrator. *Mohamed v. Uber Technologies, Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) (citation omitted). The presence of a provision allowing the parties to file suit in court for intellectual property claims does not change that. *See Dickey*, Dkt. No. 33 at 13–14. Lee also makes arguments relating to unconscionability, but most of those arguments are for the arbitrator, because they are directed to other aspects of the terms, rather than the delegation provision itself. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1133 (9th Cir. 2015). With respect to the delegation provision, Lee has established, at most, that the provision is adhesive. A finding of adhesion, without more, establishes only a "minimal degree of procedural unconscionability." *Gatton v. T-Mobile USA, Inc.*, 152 Cal. App. 4th 571, 583 (2007). Under the sliding-scale approach, Lee must therefore make a "strong showing of substantive unconscionability" to render the delegation provision unenforceable, but he has not done so. *Serafin v. Balco Properties Ltd. LLC*, 235 Cal. App. 4th 165, 181 (2015). To the extent that Lee has an argument that his purchase of tickets on Ticketmaster's resale websites is not covered by the arbitration provisions he assented to when buying tickets on Ticketmaster's primary sale website, that argument is for the arbitrator to consider.

    **IT IS SO ORDERED.**

---

[1] Because Lee's assent to the terms on the "Place Order" page is sufficient to establish that he agreed to arbitrate his claims, the Court need not determine whether Lee's use of other pages on Ticketmaster's website or other resale websites also establish an agreement to arbitrate.

Dated: April 1, 2019

_____

VINCE CHHABRIA
United States District Judge